In re SHELL OIL REFINERY.

Civ. A. No. 88–1935.

United States District Court,
E.D. Louisiana.

Feb. 15, 1989.

---

John J. Cummings, III, Cummings, Cummings & Dudenhefer, New Orleans, La., for plaintiffs.

Thomas J. Wyllie, Adams and Reese, New Orleans, La., for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

In this class action involving approximately 12,000 claimants, Shell produced approximately 660,000 documents in response to plaintiffs' request for production of documents. By agreement of the parties, the majority of the documents were placed in a building located on Shell's property in Norco, Louisiana, and the remaining documents were placed in the offices of Shell's counsel. The PLC, accompanied by a Shell representative, has had access to these documents for reviewing but not copying.

Before the Court is the plaintiffs' Motion for Reconsideration of the Magistrate's January 9, 1989 Denial of the Motion for a Protective Order Pursuant to 28 U.S.C. § 636. The Court has determined that the matter can be decided on briefs without oral argument and, accordingly, the hearing set for Wednesday, February 8, 1989 is CANCELLED.

The plaintiffs' motion for protective order sought (1) authority to make copies of all documents selected from the documents produced by Shell without disclosing the identity of the documents on the ground that the selection process constitutes attorney opinion work product; and (2) an order that Shell preserve the documents intact through the conclusion of this litigation.

The Magistrate denied the plaintiffs' motion for protective order finding that the selection of approximately 65,000 documents out of approximately 660,000 documents was not protected by the work product doctrine. The Magistrate did not provide reasons for denying plaintiffs' request for preservation of the document production.

This matter comes before the Court under 28 U.S.C. § 636(b)(1)(A) which provides a "clearly erroneous" or "contrary to law" standard of review on reconsideration of the Magistrate's ruling. After considering the plaintiffs' objections, the record and the applicable law, the Court AFFIRMS IN PART the Magistrate's order of January 9, 1989.

Plaintiffs have suggested that a neutral location and party be designated for copying the documents in order to preserve the secrecy of the selection process. Also, due to the numerosity of the documents involved, there is a substantial need for measures to ensure the integrity of the documents.

Under the circumstances of this case, the selection process is ordinary work product, not opinion work product. The Court views the production and selection of documents in this case as similar to other types of discovery which inevitably reveal certain aspects of an attorney's thought processes, i.e., interrogatories, requests for admissions, and preparation of witness lists and a pre-trial order. As such, there is no justifiable expectation that the mental impressions revealed will remain private. The fact that the PLC has selected certain documents will ultimately be revealed either in depositions, interrogatories, or exhibit lists. *See In re San Juan DuPont Plaza Hotel Fire Litigation*, 859 F.2d 1007 (1st Cir.1988). To that extent, this case is distinguishable from *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir.), *cert. denied*, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985), upon which the PLC relies for the

proposition that "the selection and compilation of documents by counsel ... in preparation for pretrial discovery falls within the highly-protected category of opinion work product." *Id.* at 316. *Sporck* involved a request for inspection of documents selected by an attorney to prepare his client for his deposition. As stated in *In re San Juan Dupont Plaza Hotel Fire*, 859 F.2d at 1018, "the lawyer's selection process [in *Sporck*] was never designed to see the light of day,...." Moreover, it is highly unlikely that Shell will be able to discern the PLC's "theory of the case" or thought processes simply by knowing which 65,000 documents out of 660,000 documents have been selected for copying. Thus, there is no legitimate concern for secrecy in the selection process.

■ Even assuming that a legitimate privacy concern is at stake, it does not outweigh the interests of convenience and economy of resources (including time, money, and judicial intervention). As a practical matter, the expense and inconvenience of a neutral depository is not justified where the majority of interests, including the interest of preserving the integrity of the document production, can be protected by allowing each side to maintain its own depository and to monitor the copying of its documents.

Continuing access to the documents is necessary in this complex case involving hundreds of thousands of documents. It is likely that the inspection needs of both parties will evolve as the case is developed through discovery. *See Board of Education of Evanston Township High School District 202 v. Admiral Heating and Ventilating, Inc.*, 104 F.R.D. 23, 35 (N.D.Ill. 1984) ("Continuing access is often granted in antitrust cases, usually through the use of a central document depository.") Disruption to Shell's business will be minimal with the depository located near the original files, but separate from Shell's day-to-day business operations.

Accordingly,

IT IS ORDERED that:

1. See Attachment "A".

(1) Documents produced by Shell pursuant to formal or informal request shall be produced at its current on-site depository to be maintained at Shell's expense.

(2) The PLC shall agree upon a location for production of any documents produced by plaintiffs pursuant to formal or informal request, said document depository to be maintained at the expense of the PLC;

(3) Each depository shall contain a copying machine with an appropriate mechanism for separately counting the copies that are made by each party.

(4) Access to the documents shall be governed by the prior Joint Motion and Order of Confidentiality dated May 24, 1988.[1] A representative from each side shall be present during inspection and/or copying. The parties shall agree upon reasonable access to the depositories. A log shall be kept of all persons who leave and enter each depository. Only duplicate documents may be removed, except by leave of court.

(5) After the initial deposit of documents in a depository, notice shall be given to liaison counsel of all subsequent deposits.

ATTACHMENT A

United States District Court

Eastern District of Louisiana

Thyne Smith and Tracey Barney

Versus

Shell Refining and Marketing Company

Civil Action No. 88–1970 Section "I" (6)

May 24, 1988

JOINT MOTION AND ORDER OF CONFIDENTIALITY

NOW INTO COURT, through undersigned counsel, come the Interim Plaintiffs' Committee and Shell Oil Company, who herewith jointly move this Honorable Court for a protective order whereby that all documents produced by Shell Oil Company would be subject to the following confidentiality order.

Considering the foregoing Motion of Shell Oil Company and Interim Plaintiffs' Committee, and to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and insure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under F.R.C.P. 26(c), and with the consent of the parties,

IT IS HEREBY ORDERED THAT:

1. Non-disclosure of Stamped Confidential Documents. Except with the prior written consent of the party or other person originally designated a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL—SUBJECT TO ORDER BY COURT, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA" to signify that it contains information believed to be subject to protection under Fed.R.Civ.P. 26(c)(7). For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. Permissible Disclosures. Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

(a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the court a form containing—

(1) a recital that the signatory has read and understands this order;

(2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this court.

(c) Before disclosing a stamped confidential document to any person listed in paragraph (a) or (b) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give

at least ten days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the ten day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

3. Declassification. A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4. Confidential Information in Depositions. (a) A deponent may during the deposition be shown, and examined about, stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 2(c) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b) Parties (and deponent) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential—Subject to protection pursuant to Court Order." Until expiration of the 15 day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. Confidential Information at Trial. Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at trial.

6. Subpoena by Other Courts or Agencies. If another court or an administrative agency subpoenas or orders production of or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order

7. Filing. Stamped confidential documents need not be filed with the Clerk except when required in connection with motions under Fed.R.Civ.P. 12 or 56 or other matters pending before the court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential documents.

8. Client Consultation. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 2(b)(c).

9. Prohibited Copying. If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made by the court, with notice to counsel so designating the document.

10. Use. Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings. (For purposes of this paragraph, the term "this litigation" includes other related litigation in which the producing person or company is a party.)

11. Non–Termination. The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

12. Modification Permitted. Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

13. Responsibility of Attorneys. The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents. Parties working copies and for filing in court under seal.

SO ORDERED:

/s/ Henry A. Mentz, Jr.
UNITED STATES DISTRICT COURT JUDGE

DATED: May 24–88
PLAINTIFFS' INTERIM COMMITTEE
BY: /s/ John J. Cummings, III
/s/ Daniel Becnel
/s/ Wendell H. Gauthier
JOHN J. CUMMINGS, III
DANIEL BECNEL
416 Gravier Street
New Orleans, Louisiana 70130
Phone: 504–586–0000
Attorneys for Plaintiffs
BY: /s/ James E. Blazek
THOMAS J. WYLLIE
JAMES E. BLAZEK
Adams and Reese
4500 One Shell Square
New Orleans, Louisiana 70139
Phone: 504–581–3234
Attorneys for Shell Oil Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THYNE SMITH and TRACEY BARNEY     CIVIL ACTION
VERSUS     NO. 88–1970
SHELL REFINING AND MARKETING COMPANY     SECTION "I" ( )
BINDER OF CONFIDENTIALITY
NAME: _____

By signing below, I hereby acknowledge that I have read and understand the attached Confidentiality Order; that I understand that unauthorized disclosures of the stamped confidentiality documents constitute contempt of court; and that I consent to the exercise of personal jurisdiction by the United States District Court, Eastern District of Louisiana.

SIGNATURE: _____ ADDRESS: _____