**Ronald J. DRANCHAK, Plaintiff,**

v.

**AKZO AMERICA, INC., Defendant.**

**No. 92 C 1295.**

United States District Court, N.D. Illinois, E.D.

Sept. 2, 1992.

Shayle P. Fox, Martin P. Denis, Fox and Grove, Chicago, Ill., for plaintiff.

P. Kevin Castel, Cahill, Gordon & Reindel, New York City, Paul E. Starkman, Arnstein & Lehr, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

GUZMAN, United States Magistrate Judge.

The plaintiff has reviewed documents produced by the defendant pursuant to discovery requests. The parties now are in dispute as to the procedure to be used by the plaintiff for obtaining copies of those documents that it wishes to make in preparation for trial. The defendant, Akzo, has proposed that plaintiff make a list of documents selected for copying during its inspection of Akzo's files at Akzo's offices. Akzo, then, would turn the documents over to a copying service and request that two sets of copies by made. One for itself and one for plaintiff. The plaintiff objects to this procedure, taking the position that to

disclose to Akzo the documents that he deems important enough to be photocopied and retained is to reveal his strategy and mental though processes to defense counsel.

Akzo claims that the procedure it proposes has several advantages:

1. Akzo would be given a record of its production for use in any future discovery disputes.

2. Akzo would have a means for monitoring compliance with the parties confidentiality agreement.

3. Both parties would be put on an equal footing in terms of knowing the scope and identity of documents produced.

4. Akzo was spared the burden of analyzing voluminous material of no apparent interest to plaintiff.

5. Plaintiff's counsel would be afforded a convenient and prompt mechanism for receiving the materials he chose.

The defendant further argues that there is a clear distinction between privileged uses of discovered material, for example, in preparing a witness for deposition and the mere identification of relevant material without conveying significant insights about counsel's strategy and legal theories. Finally, the defendant argues that counsel has waived his supposed work product privilege.

Defendants cite *In re Shell Oil Refinery*, 125 F.R.D. 132 (E.D.La.1989). The plaintiffs in that case sought a protective order providing authority to make copies of documents which they selected from the materials produced pursuant to discovery by the defendants without disclosing the identity of the copied documents. Plaintiffs alleged that the very process of selecting the documents they wished to make copies of constituted attorney opinion work product and that to disclose that process would be, in effect, to disclose their opinion work product to the defendants. The facts are somewhat similar to this case though on a much grander scale. Shell Oil, the defendant, produced approximately 660,000 documents in response to plaintiff's request for production of documents. The majority of the documents were placed in a building located on Shell's property. The plaintiffs, though allowed to look at the documents, were not allowed to make copies initially. The plaintiffs then moved for a protective order authorizing them to make copies of all the documents they had selected without disclosing the identity of the documents to Shell. The Magistrate Judge, before whom the motion originally came, denied the motion for protective order finding that selection of approximately 65,000 documents out of approximately 660,000 documents was not protected by the work product doctrine. The district court in that case found:

"Under the circumstances of this case, the selection process is ordinary work product, not opinion work product. The court views the production and selection of documents in this case as similar to other types of discovery which inevitably reveals certain aspects of an attorney's thought processes, *i.e.*, interrogatories, requests for admissions and preparation of witness lists and a pretrial order. As such, there is no justifiable expectation that the mental impressions revealed will remain private."

The court went on to reason that the fact that the plaintiffs have selected certain documents will undoubtedly be eventually revealed to the other side during the course of depositions, interrogatories, and exhibit lists, etc. The *Shell Oil* court distinguished its situation from that of the case of *Sporck v. Peil*, 759 F.2d 312, 316 (3rd Cir.1985). In *Sporck*, the court found that "Selection and compilation of documents by counsel ... in preparation for pretrial discovery falls within the highly protected category of opinion work product." *Id.* at 316. *Sporck*, however, involved a request for the inspection of documents selected by an attorney to prepare his client for his deposition. The issue before us in this case is not the selection of a specific set of documents for a specific task, but rather no more than the disclosure of what documents counsel deemed most important and relevant among all the documents of discovery made available to it. As pointed out

in *Shell, supra,* this involves an issue relating to work product, if work product it be, which is much less likely to reveal to anyone the thinking and strategy of the attorneys. Indeed, every form of discovery request, such as interrogatories, notices to product, requests for admission, and even deposition questions, reveal to some extent the thinking and theories of the attorney propounding them. Yet, as pointed out in the case of *In re San Juan DuPont Plaza Hotel Fire Litigation,* 859 F.2d 1007 (1st Dist.1988) at 1015,

> "Not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product. With a doctrine to sweep so massively, exception would hungrily swallow up the rule."

Over and above this, there is, as pointed out in *In re San Juan DuPont Plaza Hotel Fire Litigation,* a second line of demarcation. That is, in some materials that might reveal to some extent an attorney's thought process will nevertheless not be protected, because the lawyer has no justifiable expectation that the mental impressions revealed by the materials will remain private. *In re San Juan DuPont Plaza Hotel Fire Litigation, supra,* at 1016.

Plaintiff also relies on *American Floral Services, Inc. v. Florists' Transworld Delivery Association and Teleflora, Inc.,* 107 F.R.D. 258 (N.D.IL.1985). This memorandum opinion and order by District Judge Shadur has language which directly supports plaintiff's position. At page 261, Judge Shadur states:

> "Under Rule 34(a), a party responding to a document request may product documents 'as they are kept in the usual course of business,' leaving it to the requesting party to sort out those relevant to his or her case. There can be little doubt that course disclosure of the selection made by the requesting party's lawyer from among those documents, necessarily reflecting his or her assessment of what is and what is not important in the

case, would run afoul of (and would be precluded by) the doctrine."

In support of this, Judge Shadur cites to the *Sporck* decision 759 F.2d at 316. Defendants point out that this statement is *"mere dictum"* since the facts before Judge Shadur are not those described in this quote. Dictum or not the statement is a strongly worded support of the plaintiff's position. Judge Shadur, however, then goes on to analyze the facts before him in a manner very similar and analogous to that found in *In re Shell Oil Refinery, supra.* He states:

> "But here, the separation of the two interviewees from the universe of 2,000 or even 200 potential witnesses is wheat from chafe information of a very different kind. It gives the identity of the few people in that large group who assertively know of Teleflora's misconduct, but as to AFS' theory of such misconduct, it reveals nothing other than the tautology that information showing improper use of membership obligation number 2 is relevant to this lawsuit."

The court appears to draw distinction between an analysis (which it calls wheat from the chafe information) that merely reveals the source of relevant information, from the type of analysis that would reveal a party's theory of the case. Based upon this analysis, Judge Shadur ruled that a request seeking the identity of persons interviewed by the other party because they were individuals having knowledge of facts material to the lawsuit, could not be defeated by the assertion of the work product privilege. The identity of the interviewees would have to be disclosed.

I believe that the case before me is analogous to that before Judge Shadur. In spite of the *dicta* in his opinion, it seems to me that an application of the same type of analysis used by Judge Shadur in *American Floral* leads to the conclusion that the disclosure of the documents which plaintiff's counsel in this case wishes to have xeroxed from amongst all of those other documents that were disclosed under Rule 34(a), "as they are kept in the usual course of business" does not disclose any theory

of plaintiff's case. Rather, such a disclosure is more akin to simply disclosing the sources of knowledge or of relevant or important information in the case as opposed to any particular theory in the development of the case. Plaintiff's objection to providing defendant with a list of or copies of the documents that plaintiff wants copied is therefore denied.

SO ORDERED.