### SHELL OIL COMPANY
### v.
### Jack ZEWE, et al.
### Civ. A. No. 92–3498 "I".
United States District Court,
E.D. Louisiana.

Nov. 3, 1992.

---

Thomas J. Wyllie, Adams and Reese, New Orleans, La., for Shell Oil Co.

Russ Herman, Herman, Herman, Katz & Cotlar, New Orleans, La., for plaintiffs' Legal Committee.

Phillip A. Wittmann, Barry W. Ashe, Stone, Pigman, Walther, Wittman & Hutchinson, New Orleans, La., for Kristopher Redmann.

Jacques Bezou, Jacqueline M. Daspit, Derussy, Bezou & Matthews, New Orleans, La., for Jack Zewe.

## ORDER AND REASONS

MENTZ, District Judge.

On October 23, 1992, Shell Oil Company (Shell) filed a Verified Complaint for Temporary, Preliminary, and Permanent Injunctive Relief against defendants: (a) the individual members of the Plaintiffs' Legal Committee (PLC)[1], who were appointed to represent the claimants in a related class action[2] against Shell Oil Company; (b) Jack Zewe, a former employee of Shell; and (c) Kristopher Redmann, Zewe's former attorney. On the same date, District Judge Veronica Wicker was temporarily allotted this matter in the undersigned Judge's absence, and she granted Shell's Motion for a Temporary Restraining Order, restraining and enjoining Defendants Jack Zewe and Kristopher M. Redmann, on the one hand, and Defendants Daniel E. Becnel, John J. Cummings, III, Calvin C. Fayard, Jr., Wendell H. Gauthier, Thomas Kliebert, Stephen B. Murray, Morris W. Reed, Hugh W. Sibley, Joseph M. Bruno, and Deonne DuBarry, on the other hand, from communicating with one another in any way, including the providing or receiving of any documents of any type, whether written, electronically recorded, or otherwise, and furthermore, restraining and enjoining defendants from effecting the prohibited communication or the providing or receiving of any documents through any third party.

1. Daniel E. Becnel, John J. Cummings, III, Calvin C. Fayard, Jr., Wendell H. Gauthier, Thomas Kliebert, Stephen B. Murray, Morris W. Reed, Hugh W. Sibley, Joseph M. Bruno, and Deonne DuBarry.

2. *In Re: Shell Oil Refinery Litigation,* Civil Action No. 88–1935, Section "I", consolidated for discovery with *Adams v. Shell Oil Company,* Civil Action No. 88–2719, Section "I".

Furthermore, pursuant to Fed.R.Civ. Proc. 65(d), this Order is binding upon the Defendants as well as their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the Order by personal service or otherwise.

Before the Court is Shell's application for a preliminary injunction preventing the defendants from communicating in the manner proscribed by the TRO. Shell and the defendant members of the PLC are opponents in a class action arising out of the May 5, 1988, explosion at Shell's refinery in Norco, Louisiana. During the course of that proceeding, Shell discovered that the PLC had obtained outside the discovery process proprietary documents belonging to Shell. The PLC admitted that the documents had been purloined by a Shell employee who delivered them to the PLC. Through an internal investigation Shell learned the identity of the employee-source—Jack Zewe. Shell took a 314–page statement from Zewe, after which Shell terminated him. Defendant, Redmann, was Zewe's legal representative for a period during these events.

Shell contends that a preliminary injunction is necessary to prevent Zewe and/or Redmann from conveying confidential and proprietary information, whether it be in the form of documents or knowledge of Shell's litigation strategy, to the PLC.

■ Preliminary injunctive relief is an extraordinary remedy and should be granted as an exception rather than as a rule. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir.1985). A preliminary injunction may be issued only if the movant clearly establishes "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any damage the injunc-

tion might cause to the opponent; and (4) that the injunction will not disserve the public interest." *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir.1985). The movant bears the burden of establishing each of the four factors, and failure to meet any one of those factors will preclude issuance of the injunction. *Vault Corp. v. Quaid Software Ltd.*, 655 F.Supp. 750, 757 (E.D.La.1987), *aff'd*, 847 F.2d 255 (5th Cir. 1988).

■ Shell is not entitled to a preliminary injunction primarily because there is no substantial threat of irreparable injury if the injunction is not issued. Once Shell learned that the PLC had been receiving documents from a source within its refinery, it filed in the class action interrogatories to compel the identity of the source and the documents received from the source. Several motions followed, with extensive briefing and argument. In an Order and Reasons dated August 14, 1992, the Court found that the "PLC's receipt of Shell's proprietary documents in this manner was inappropriate and contrary to fair play." In order to balance the scales, the Court prohibited the PLC from having any *ex parte* contact with the Shell employee,[3] whose identity was unknown at that time.[4] Once Shell learned that Jack Zewe was the PLC's source and fired him, the August 14 order, which referred to "Shell employees," technically did not apply to Zewe. Next, a dispute arose at an October 21, 1992, hearing on another matter in the class action as to whether the PLC was able to communicate with Zewe since he is no longer a Shell employee. Contrary to the PLC's assertion that the Court gave the PLC leave to speak with Zewe, the record clearly shows that the propriety of the PLC speaking with Zewe was placed in dispute and not resolved by Court order at that time. Two days later, before the Court had an oppor-

---

**3.** The order also prohibited contact with any other Shell employees, other than employee-plaintiffs in the class action, ordered the PLC to produce to Shell the documents obtained from the source, and prohibited use of the documents at trial, with certain exceptions.

**4.** *See In re Shell Oil Refinery Litigation,* 143 F.R.D. 105 (1992) consolidated for discovery with *Adams v. Shell Oil Company.*

tunity to clarify the August 14 order, Shell filed this suit seeking a preliminary and permanent injunction to prevent the PLC from communicating with Zewe and Redmann, and vice versa.

In its memorandum in support of a preliminary injunction, Shell recognizes that the Court has already prohibited the PLC from communicating with the Shell employee, and states that "the relief which Shell requests herein is, in essence, to make clear that the PLC should continue to be enjoined from communicating in any way with Zewe and furthermore, to enjoin the PLC from communicating with his accomplice, Redmann."

A motion for an order clarifying the August 14 order would have been a more appropriate avenue for relief than the extraordinary remedy of an injunction. 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2948 at 434–35, n. 26 (1973). Because it was the Court's original intent for the August 14 order to apply to Zewe regardless of his status, the Court has amended the August 14 order to read as follows:

> The PLC shall not have any *ex parte* contact or communication in any manner, either directly, indirectly, or through a third party, with Jack Zewe or any Shell employees other than the employee-plaintiffs in this suit. If Jack Zewe or any Shell employee other than a plaintiff, initiates *ex parte* contact or communication in any manner, either directly, indirectly, or through a third party, with the PLC, the PLC shall immediately notify the Court and counsel for Shell. Failure to follow this order risks disqualification from this suit and other sanctions.[5]

The order as amended precludes the PLC from having any *ex parte* contact with Zewe or effecting any such communication through a third party such as his former attorney, Kristopher Redmann. The order does not attempt to restrict the conduct of Zewe or Redmann, nor is it necessary that it do so. By placing the onus on the PLC to abstain from any *ex parte* contact as defined in the order and to immediately report any attempts of such communication from Zewe or others, the order effectively accomplishes the Court's goal of preventing Zewe either directly or indirectly from giving the PLC proprietary information belonging to Shell. Accordingly, Shell is adequately protected from potential injury by the amended order of November 3, and cannot show that it will suffer a substantial threat of irreparable injury without a preliminary injunction.

The Court need not address other reasons for denying Shell's application for preliminary injunction, but briefly mentions that the requested injunction would disserve the public interest, and the threatened injury to Shell would not outweigh the injury to the opponents. The requested injunction is overly broad in that it is not limited to the subject matter of the class action; the order precludes *any* communication for an indefinite period in the future. For example, suppose Kristopher Redmann, an attorney in the New Orleans legal community, were to represent a party in litigation with another party represented by a member of the PLC. Would the attorneys not be able to speak with each other about that case? The consequences of such an order are absurd, and the First Amendment implications obvious.

Considering the foregoing,

IT IS ORDERED that:

1) Shell Oil Company's application for a preliminary injunction is DENIED,[6] and the hearing set for Wednesday, November 4, 1992, is CANCELED.

2) The Temporary Restraining Order entered on October 23, 1992, is VACATED.

---

5. *See In Re: Shell Oil Refinery Litigation,* 144 F.R.D. 73 Civil Action No. 88–1935, consolidated for discovery with *Adams v. Shell Oil Company,* Civil Action No. 88–2719, Order and Reasons dated November 3, 1992.

6. "[P]reliminary injunctions are denied without a hearing, despite a request therefor by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless." C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2949 at 478–79 (1973) cited favorably in *DFW Freeport v. Mardian Const. Co.,* 729 F.2d 334, 341 (5th Cir.1984).

3) The Plaintiffs' Legal Committee's Motion to Vacate Temporary Restraining Order is MOOT, and the hearing set for Wednesday, November 4, 1992, is CANCELED.

4) Shell Oil Company's application for a permanent injunction is MOOT.

5) The PLC's Motion to Dismiss Verified Complaint for Temporary, Preliminary, and Permanent Injunctive Relief is MOOT.

6) Shell Oil Company's Complaint for Temporary, Preliminary and Permanent Injunctive Relief is DISMISSED.