James F. Holmes, Christovich & Kearney, New Orleans, La., for Brown & Root U.S.A., Inc.

**In re SHELL OIL REFINERY.**

**Robert ADAMS, Sr.**

v.

**SHELL OIL COMPANY.**

**Civ. A. Nos. 88–1935, 88–2719.**

United States District Court, E.D. Louisiana.

Nov. 3, 1992.

ORDER AND REASONS

MENTZ, District Judge.

The Court's order of August 14, 1992, 143 F.R.D. 105, states at paragraph 7:

The PLC shall not have any *ex parte* contact with any Shell employees, other than the employee-plaintiffs in this suit. If any Shell employee, other than a plaintiff, initiates *ex parte* contact with the PLC, the PLC shall immediately notify the Court and counsel for Shell. Failure to follow this order risks disqualification from this suit and other sanctions.

The facts precipitating this order are undisputed: The PLC knowingly received Shell Oil Company's proprietary documents which had been purloined by a Shell employee. It was unnecessary for the Court to decide whether this conduct violated Louisiana Rule of Professional Conduct, Rule 4.2[1], because regardless, "the PLC's receipt of Shell's proprietary documents in this manner was inappropriate and contrary to fair play." To remedy this unfair situation, the Court entered the foregoing order[2]. The intent of the Court was to prevent the PLC from any *ex parte* contact or communication with the source, as well as any other Shell employees who are not plaintiffs. The Court entered this order pursuant to its empowerment to take action in preservation of its Article III powers—to control the conduct of persons appearing before it, to protect the integrity of the adversary process, and to preserve the public confidence in the judicial system.

Subsequent to entering the August 14 order, Shell conducted an internal investigation through which it learned that its employee, Jack Zewe, was the PLC's source. Shell took a 314-page statement from Zewe, after which Shell terminated him.

At the time the August 14 order was entered, neither the Court nor Shell knew the identity of the source. Thus, the language of the order prohibits contact with "Shell employees". As Zewe is no longer an employee, the order technically no longer applies to him. The Court intended for the order to apply to Zewe, regardless of his status, and that he not be able to circumvent the order by acting through third parties. Since Zewe was terminated, he presumably does not have the ability to take more Shell documents, but he is still in a position to convey proprietary information to which he had access when he was an employee. To properly reflect and clarify the Court's intent, the August 14, 1992, order shall be amended.[3]

Accordingly,

IT IS ORDERED that the Order and Reasons of August 14, 1992, 143 F.R.D. 105,* is AMENDED at paragraph 7 to read:

The PLC shall not have any *ex parte* contact or communication in any manner, either directly, indirectly, or through a third party, with Jack Zewe or any Shell employees other than the employee-plaintiffs in this suit. If Jack Zewe or any Shell employee other than a plaintiff, initiates *ex parte* contact or communication in any manner, either directly, indirectly, or through a third party, with the PLC, the PLC shall immediately notify the Court and counsel for Shell. Failure to

1. Rule 4.2 prohibits a lawyer from communicating with a "party" represented by another lawyer in the matter, either directly or through a third party. In the corporate context, "party" is defined as (1) employees with managerial responsibility; (2) employees whose acts or omissions concerning the subject of the representation may be imputed to the organization for liability purposes; and (3) employees whose statements may constitute admissions on the part of the organization.

2. The Court also ordered the PLC to produce to Shell the documents obtained from the source and prohibited use of the documents at trial, with certain exceptions.

3. The PLC incorrectly states in recent pleadings that at the October 21, 1992, hearing "the Court gave the PLC leave to speak with Zewe and obtain their own statement from him." *See* Memorandum by the PLC in Response to the Court's Minute Entry of October 22, 1992 Re: Zewe Statement, page 6; Memorandum in Support of Motion to Vacate Temporary Restraining Order, page 3; and Supplemental Memorandum in Support of Motion to Vacate Temporary Restraining Order and in Opposition to Request for Preliminary and Permanent Injunction, pages 8–9.

A complete reading of the transcript of the hearing on October 21, 1992, shows that the Court stated:

Suppose you come back into Court and state that you contacted Mr. Zewe or Mr. Redmann and they don't intend to follow up with their request to the Court that they get a copy. Then I might be in a position to give you a copy.

The record clearly shows that following this statement the propriety of the PLC speaking with Zewe was placed in dispute and not resolved by Court order. The purpose of the present order is to resolve that dispute.

* Editor's Note—Paragraph 7 of the Order and Reasons of August 14, 1992 was Amended for Publication at 143 F.R.D. 105.

follow this order risks disqualification from this suit and other sanctions.[4]

---

**4.** This order does not prohibit contact or communication with Zewe or other witnesses with knowledge relevant to Zewe's contact with the PLC, if undertaken in an adversarial context, such as a deposition or evidentiary hearing.