896 F.Supp. 590 (1995)
Dianne CASTANO, et al.
v.
The AMERICAN TOBACCO COMPANY, et al.
Civ. A. No. 94-1044.
United States District Court, E.D. Louisiana.
July 27, 1995.
*591 Daniel E. Becnel, Jr., Becnel, Landry & Becnel, Reserve, LA, Joseph M. Bruno, Bruno & Bruno, New Orleans, LA, Wells Talbot Watson, Baggett, McCall & Burgess, Lake Charles, LA, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA, Calvin Clifford Fayard, Jr., Donna Unkel Grodner, Fayard, Harris & Honeycutt, Denham Springs, LA, Michael X. St. Martin, St. Martin & Lirette, Houma, LA, George Febiger Riess, Monroe & Lemann, New Orleans, LA, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, New Orleans, LA, Daniel G. Abel, Wendell H. Gauthier, Dana Kim Cormier, Gauthier & Murphy, Metairie, LA, Edwin Rene Murray, Edwin R. Murray & Associates, New Orleans, LA, Kenneth Michael Carter, Carter & Cates, New Orleans, LA, Peter Joseph Butler, Peter J. Butler, Jr., Locke, Purnell, Rain, Harrell, P.C., New Orleans, LA, Elizabeth J. Cabraser, Richard M. Heimann, Robert Lieff, Lieff, Cabraser & Heimann, San Francisco, CA, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, John (Jack) Brown Baldwin, Scott Baldwin, Baldwin & Baldwin, Marshall, TX, Bettye Anne Barrios, Johnson, Johnson, Barrios & Yacoubain, New Orleans, LA, Louie J. Roussel, III, Louie J. Roussel, III, Attorney at Law, Metairie, LA, Bruce C. Dean, Bruce C. Dean, *592 Attorney at Law, New Orleans, LA, Perry Weitz, Perry Weitz, Attorney at Law, New York City, Melvin Belli, Melvin Belli, Attorney at Law, San Francisco, CA, Margaret Moses Branch, Turner Branch, Branch Law Firm, Albuquerque, NM, John P. Coale, Coale, Allen & Van Susteren, Washington, DC, Ralph Irving Knowles, Jr., Kenneth S. Canfield, Doffermyre, Shields, Canfield & Knowles, Atlanta, GA, Andrew W. Hutton, Mark B. Hutton, Michaud, Hutton & Bradshaw, Wichita, KS, Richard Alexander, The Alexander Firm, San Jose, CA, Stanley M. Chesley, Sherrill P. Hondorf, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Gayle L. Troutwine, Jeffrey S. Merrick, Michael L. Williams, Williams & Troutwine, Portland, OR, Robert D. Greenbaum, Myles H. Malman, Kohn, Nast & Graf, Philadelphia, PA, John P. Kopesky, Sheller, Ludwig & Badey, Philadelphia, PA, Stephen Barnett Murray, Murray Law Firm, New Orleans, LA, Richard A. Daymard, Northeastern University School of Law, Boston, MA, Jodi W. Flowers, Susan Nial, Charles W. Patrick, Ronald L. Motley, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, Francis H. Hare, Jr., Attorneys Information Exchange Group, Inc., Birmingham, AL, John R. Climaco, Michael V. Kelley, Jack D. Maistros, Shannon P. Haggerty, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, John Bologna Krentel, John B. Krentel, Attorney at Law, Metairie, LA, for plaintiffs Dianne Castano, Ernest Perry.
Daniel E. Becnel, Jr., Becnel, Landry & Becnel, Reserve, LA, Joseph M. Bruno, Bruno & Bruno, New Orleans, LA, Wells Talbot Watson, Baggett, McCall & Burgess, Lake Charles, LA, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA, Calvin Clifford Fayard, Jr., Donna Unkel Grodner, Fayard, Harris & Honeycutt, Denham Springs, LA, Michael X. St. Martin, St. Martin & Lirette, Houma, LA, Michael Gallagher, Fisher, Gallagher & Lewis, Houston, TX, George Febiger Riess, Monroe & Lemann, New Orleans, LA, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, New Orleans, LA, Daniel G. Abel, Wendell H. Gauthier, Dana Kim Cormier, Gauthier & Murphy, Metairie, LA, Edwin Rene Murray, Edwin R. Murray & Associates, New Orleans, LA, Kenneth Michael Carter, Carter & Cates, New Orleans, LA, Peter Joseph Butler, Peter J. Butler, Jr., Locke, Purnell, Rain, Harrell, P.C., New Orleans, LA, John W. "Don" Barrett, Barrett Law Firm, Lexington, MS, Elizabeth J. Cabraser, Richard M. Heimann, Robert Lieff, Lieff, Cabraser & Heimann, San Francisco, CA, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, John (Jack) Brown Baldwin, Scott Baldwin, Baldwin & Baldwin, Marshall, TX, Bettye Anne Barrios, Johnson, Johnson, Barrios & Yacoubain, New Orleans, LA, Louie J. Roussel, III, Louie J. Roussel, III, Attorney at Law, Metairie, LA, Bruce C. Dean, Bruce C. Dean, Attorney at Law, New Orleans, LA, Perry Weitz, Perry Weitz, Attorney at Law, New York City, Melvin Belli, Melvin Belli, Attorney at Law, San Francisco, CA, Margaret Moses Branch, Turner Branch, Branch Law Firm, Albuquerque, NM, John P. Coale, Coale, Allen & Van Susternan, Washington, DC, Ralph Irving Knowles, Jr., Kenneth S. Canfield, Doffermyre, Shields, Canfield & Knowles, Atlanta, GA, Andrew W. Hutton, Mark B. Hutton, Michaud, Hutton & Bradshaw, Wichita, KS, Richard Alexander, The Alexander Firm, San Jose, CA, Stanley M. Chesley, Sherrill P. Hondorf, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Jorge Ortiz-Brunet, Ortiz Toro & Ortiz-Brunet, Hato Rey, PR, Gayle L. Troutwine, Jeffrey S. Merrick, Michael L. Williams, Williams & Troutwine, Portland, OR, Will Kemp, Will Kemp, Attorney at Law, Las Vegas, NV, Dianne M. Nast, Robert D. Greenbaum, Myles H. Malman, Kohn, Nast & Graf, Philadelphia, PA, Francis O. Scarpulla, Francis O. Scarpulla, Attorney at Law, San Francisco, CA, Charles Zimmerman, Zimmerman & Reed, Minneapolis, MN, Stephen A. Sheller, John P. Kopesky, Sheller, Ludwig & Badey, Philadelphia, PA, Stephen Barnett Murray, Murray Law Firm, New Orleans, LA, Richard A. Daymard, Northeastern University School of Law, Boston, MA, Jodi W. Flowers, Susan Nial, Ronald L. Motley, Charles W. Patrick, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, Steven J. Rodman, Allen, Rodman, PC, Malden, MA, Sybil Shainwald, Law Offices of Sybil Shainwald, New York City, Francis H. Hare, Jr., Attorneys Information Exchange Group, *593 Inc., Birmingham, AL, John R. Climaco, Michael V. Kelley, Jack D. Maistros, Shannon P. Haggerty, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, John Bologna Krentel, John B. Krentel, Attorney at Law, for plaintiff George Solomon.
Robert E. Winn, Joy Goldberg Braun, Sessions & Fishman, New Orleans, LA, Bruce G. Sheffler, Chadbourne & Parke, New York City, for defendant American Tobacco Co.
Steven W. Copley, John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for defendants Lorillard Inc. and Loews Corp.
John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for defendant Lorillard Tobacco Co.
Charles Fenner Gay, Jr., Scott Edward Delacroix, Thomas J. Wyllie, Adams & Reese, New Orleans, LA, Gary R. Long, Allen Rennie Purvis, Shook, Hardy & Bacon, Kansas City, MO, for defendants Phillip Morris Inc. and Phillip Morris Companies, Inc.
Stephen H. Kupperman, Phillip A. Wittmann, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA, Carmelite M. Bertaut, Chaffe, McCall, New Orleans, LA, for defendant RJR Nabisco Inc.
Stephen H. Kupperman, Phillip A. Wittmann, S. Ann Saucer, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Theodore M. Grossman, Paul G. Crist, Hugh R. Whiting, Mark A. Belasic, Jones, Day, Reavis & Pogue, Cleveland, OH, for defendant R.J. Reynolds Tobacco Co.
John Jerome Weigel, Joseph Jacob Lowenthal, Jr., Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, James V. Kearney, Francis K. Decker, Jr., Mudge, Rose, Guthrie, Alexander & Ferdon, L.L.P., New York City, for defendant Liggett Group, Inc.
Robert E. Winn, Joy Goldberg Braun, Sessions & Fishman, New Orleans, LA, for defendant American Brands Inc.
Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Griffin B. Bell, King & Spaulding, Atlanta, GA, for defendant Brown & Williamson Tobacco Corp.
Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for defendants Batus Holdings, Inc., Batus Inc.
John Jerome Weigel, Joseph Jacob Lowenthal, Jr., Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for defendants Liggett & Myers Inc. and Brooke Group Ltd.
Charles W. Schmidt, III, Christovich & Kearney, New Orleans, LA, for defendants U.S. Tobacco Co. and U.S. Tobacco, Inc.
Alan Harry Goodman, Thomas Mente Benjamin, Lemle & Kelleher, New Orleans, LA, for defendant Tobacco Institute, Inc.
Suzanne V. Foulds, New Orleans, LA, pro se.
Robert H. Walker, Bronx, NY, pro se.

ORDER AND REASONS
JONES, District Judge.
Pending before the Court is the "Objection to Magistrate Judge's Report Entered on June 9, 1995" filed by defendant Brown & Williamson Tobacco Co. (hereinafter "B & W"). Having reviewed the memoranda of the parties, the record and the applicable law, and having considered the oral argument of the parties, the Court DISMISSES the objection and AFFIRMS the Magistrate Judge's ruling.

Background
Plaintiffs filed suit alleging numerous causes of action based on defendants' alleged denial and concealment of the addictive nature *594 of nicotine in cigarettes and on defendants' alleged control and manipulation of nicotine in cigarettes to create and sustain addiction.
B & W filed a motion for protective order in April 1995 seeking to have certain documents in the possession of plaintiffs' counsel declared to be privileged under either attorney-client privilege or the work-product doctrine. (R.Doc. 295.) Following a hearing on this motion, the Magistrate Judge ordered counsel for B & W to prepare a list of documents returned to B & W by a paralegal named Merrell Williams who allegedly took the documents without authorization from a law firm representing B & W. (R.Doc. 325.) The Magistrate Judge also ordered B & W to prepare a list of documents housed at the library of the University of California at San Francisco (hereinafter "UCSF"), indicating the privilege asserted as to each document. Id. These lists were to be provided to the Court and the plaintiffs. Id.
To this end, the Magistrate Judge ordered that, following review of the lists by plaintiffs, she would set a hearing on the privilege issue. Id. The Magistrate judge also declined to prohibit the plaintiffs from disseminating the documents that were the subject of the motion pending an ultimate resolution of the privilege issue but granted B & W leave to re-urge the request following preparation and circulation of the lists. Id.
The lists, which were filed in the form of a "privilege log,"[1] were disseminated, and the Magistrate Judge held another conference on June 6, 1995. At that conference B & W reurged its requests for an injunction against dissemination of the documents at issue and lodged a separate request to seal the "privilege log." (R.Doc. 338.) The Magistrate Judge again denied those requests after reviewing the "privilege log." Id.
B & W brings the present "objection" to the Magistrate Judge's refusal to grant the injunction requested and refusal to seal the "privilege log." B & W argues that the Magistrate Judge's ruling was clearly erroneous and contrary to the law, contending that the "privilege log" establishes a prima facie case for privilege such that the documents should be sealed. Alternatively, the "privilege log" constitutes attorney work-product such that it should be sealed. B & W contends that the "public domain" argument of plaintiffs is inapplicable and that plaintiffs are not prejudiced by the sealing of the privilege log.
In opposition plaintiffs argue, in effect, that B & W is trying to "poison the well" with its "background" argument alleging that plaintiffs' counsel improperly gained possession of these documents. Further, deposition testimony shows that plaintiffs' attorneys obtained the documents properly. Plaintiffs also argue that B & W did not make a request for "non-use" of the documents by plaintiffs. As a result, this is not a proper objection to the Magistrate Judge's ruling. Finally, plaintiffs contend that there has been no prima facie showing of privilege, especially in light of the public availability of the documents at issue.

Law and Application

I. Standard of Review
Pursuant to Fed.R.Civ.P. 72(a), a district judge may only modify or set aside a Magistrate Judge's order upon objection where the order is "found to be clearly erroneous or contrary to law." See also 28 U.S.C. § 636(b)(1)(A) (same).

II. Issue of Public Domain
The Court initially addresses the issue of whether the documents at issue are in the public domain and, if so, the effect, on the issues before the Court.
According to plaintiffs' memorandum in opposition, the California Supreme Court has refused to stay or review a California State trial judge's ruling that denied B & W's request for an order prohibiting the documents at issue from being disseminated by the University of California at San Francisco Medical School. (Exhs. 20 and 21, attached to plaintiffs' memorandum in opposition, *595 R.Doc. 363.) The trial court had found that the public interest outweighed any other interest, including attorney-client privilege, and that the documents should not be sealed. (Exh. 20, pp. 58-62, attached to plaintiffs' memorandum in opposition, R.Doc. 363.)
As a result, according to plaintiffs' memorandum in opposition, the documents at issue are now available for copying from anyone from the university library, are being published on Internet and will soon be available by CD-ROM. (Exh. 22, attached to plaintiffs' memorandum in opposition, R.Doc. 363.)
Quite obviously, all of these documents are now in the public domain.[2] The question, then, is the effect this fact has on the instant "objection." B & W argues that the "public domain" argument should be disregarded because of the role of plaintiffs' attorneys in helping to disseminate the allegedly illegally gained documents.
However, the Court finds that the proof offered by B & W as to the role of plaintiffs' counsel is seriously lacking. Further, the deposition excerpts attached to plaintiffs' memorandum in opposition clearly show that plaintiffs' counsel first obtained a copy from a professor at the university who had originally received them from an anonymous person. (Plaintiffs' memorandum in opposition, p. 12, R.Doc. 363, and deposition excerpts and exhibits referred to therein. See also deposition attached to R.Doc. 365.) The plaintiffs' counsel then obtained another copy from the library after the university professor placed the documents there. (Plaintiffs' memorandum in opposition, pp. 11-12, R.Doc. 363.)
In view of this deposition testimony and the lack of proof presented by B & W as to any misconduct by plaintiffs' counsel, the Court finds that the record does not support defendants' allegations of improper conduct by plaintiffs' counsel. Further, under California law at the time of the events that occurred, plaintiffs' counsel arguably acted properly. See Aerojet-General Corporation v. Transport Indemnity Insurance, 18 Cal. App.4th 996, 1005, 22 Cal.Rptr.2d 862, 867 (Cal.Ct.App.1993) ("If the underlying information which respondents sought to prevent plaintiffs' from using is not privileged, and if such information was revealed to plaintiffs' counsel through no fault or misconduct of his own, plaintiffs and their counsel are entitled to use it.")
Defendant's reliance on ABA Opinion 94-832[3] is of no value for two reasons. First, that opinion was not released until after the plaintiffs' counsel first received the documents and, as noted, plaintiffs' counsel arguably acted within California law under Aerojet-General. Second, ABA Opinion 94-382 provides for a crime-fraud exception to privilege, which plaintiffs are alleging here. Thus, plaintiffs' counsel does not seem to have violated ABA Opinion 94-832.

III. Remaining Arguments as to Privilege/Work-Product
The Court turns to the other arguments made by B & W, keeping in mind that the documents are publicly available and the effect of this fact on these arguments.
B & W relies on two cases for its argument that, notwithstanding whether the documents are in the public domain, the Magistrate Judge erred. The Court finds that both cases are inapposite. In the first, Haines v. Liggett Group, Inc., 975 F.2d 81, 97 (3rd Cir.1992), the court of appeals stated that "following any determination that an exception [to the attorney-client privilege] applies, the matters covered by the exception [must] be kept under seal or appropriate court-imposed privacy procedures [put in place] until all avenues of appeal are exhausted." (Emphasis added.) Here, there has been no determination that any privilege applies, much less any exception.
*596 The second case upon which B & W relies is Haeberle v. Texas International Airlines, 739 F.2d 1019 (5th Cir.1984), where the court of appeals held that jurors' interest in privacy and the public's interest in well-administered justice outweighed the first amendment interests of a litigants and its counsel desirous of interviewing jurors "in order to satisfy their curiosity and improve their advocacy are limited." Id. at 1022. Defendant cites this case for the proposition that parties and their attorneys "subject themselves to greater restraints on their communications than might constitutionally be applied to the general public." Id. However, Haeberle dealt with litigants' rights to interview jurors. The present issue deals with the sealing of a privilege log and the enjoining of plaintiffs from disseminating documents that are already within the public domain. Thus, Haeberle is factually inapposite.
B & W also argues that it has established a prima facie case of privilege through the "privilege log." B & W relies upon Haines for this contention, but, as shown, Haines is inapplicable because there has been no ruling as to privilege in this matter. Moreover, the Court's review of the "privilege log" reveals that it does not provide enough information as to whether a document is privileged or not. In other words, B & W has failed to establish a prima facie case of privilege. See Hodges, Grant & Kaufmann v. U.S. Government, 768 F.2d 719, 721 (5th Cir.1985) (party claiming privilege bears burden of establishing applicability of privilege).
B & W contends that two affidavits attached to its motion for protective order, the affidavits of Christopher M. George and Ernest J. Clements, both establish the assertion of privilege as identified in the log. (Exhs. 1 and 2, R.Doc. 295.) However, these affidavits fall short of establishing privilege. The George affidavits merely states, in a self-serving and conclusory fashion, that the documents are privileged. The Clements affidavits simply states that the documents at the UCSF library were not produced by B & W in discovery. There has been no establishment of privilege or a showing of prima facie case of privilege on the record before the Court such that the Magistrate Judge incorrectly denied the injunction against dissemination and incorrectly denied the motion to seal the "privilege log."
B & W's also argues that the "privilege log" should be sealed because plaintiffs have not shown any prejudice if it were sealed. This argument fails because it is not the burden of plaintiffs to show that they are prejudiced. See Hodges, supra.
B & W further maintains that the "privilege log" discloses B & W lawyers' selection process in choosing certain documents important for litigation and thus constitutes work-product.[4] In support of this argument B & W relies on Sporck v. Peil, 759 F.2d 312, 316 (3rd Cir.1985) for the proposition that "selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product."
However, the First Circuit rejected this theory in the context of a pre-trial order that required disclosure of documents to be used at depositions prior to the depositions. In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1009, 1017-1018 (1st Cir.1988). One of the reasons for this rejection was that the documents involved in Sporck were "never designed to see the light of day." In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d at 1018. In the present case, although the documents may have been designed not to see the "light of day," the facts show that they have now been disclosed to the public. Thus, in that important sense, Sporck is inapplicable to the present case. See also In re Shell Oil Refinery, 125 F.R.D. 132, 133 (E.D.La.1989) (Mentz, J.) (highly unlikely that defendants' knowledge of identity of 65,000 out of 660,000 documents being copied by plaintiffs would reveal plaintiffs' attorneys thought processes or "theory of the case").
*597 Two other points raised by B & W deserve attention. First, B & W states that the Kentucky court involved in the proceedings against the paralegal who allegedly took the documents has enjoined him from disseminating the documents. However, as plaintiffs note, the Kentucky judge recently modified his original order, recognizing that the documents are "apparently" in the public domain in California. (Exh. 3 attached to plaintiffs' memorandum in opposition, pp. 1-2, R.Doc. 363.) Further, any order issued by the Kentucky judge is not enforceable against a non-party. See, e.g., Barge v. Jaber, 831 F.Supp. 593, 596-97 (S.D.Ohio 1983) (judgment in Kentucky court inapplicable to parties in Ohio not parties to Kentucky litigation).
The second point relates to B & W's request that plaintiffs be ordered not to use the documents at issue. Specifically, the question is whether this issue is before the Court not because the Magistrate did not rule on it. Although B & W did not make this request in its most recent motion to the Magistrate Judge, it did so in its motion for protective order. Assuming arguendo that the matter is before the Court, B & W's request rightfully failed because the documents are in the public domain in California.
B & W states in its memorandum that it is only seeking the same relief sought in In re Shell Oil Refinery, 143 F.R.D. 105, 108-109, amended on other grounds, 144 F.R.D. 73 (E.D.La.1992) (Mentz, J.). However, Judge Mentz's order in that case  which dealt with the issue of the Plaintiffs' Legal Committee's use of documents obtained from a Shell employee and not through discovery  stated:
The plaintiffs may not make any use of the documents obtained from the Shell-employee source or any use of the information contained therein, including keeping any copies or notes of the information contained in the documents, unless the documents are publicly available or were produced previously by Shell.
Id. at 109 (emphasis added). Here, as shown, the documents are publicly available.

IV. Conclusion
The issues before the Court presently do not involve whether the documents in dispute are privileged but simply whether the plaintiffs should be enjoined from using documents in the public domain and whether the "privilege log" of these same documents should be sealed. The Court finds that the Magistrate Judge correctly decided these issues as to both the facts and the law and affirms her ruling. If at some point any documents are ruled to be privileged after a full hearing on the matter, the Court will place appropriate restrictions on the documents.
Today's ruling does not preclude B & W from asserting any privilege. As stated at oral argument, should plaintiffs attempt to use any documents or rely on any documents in discovery, B & W is free to assert any privilege, subject to review, if requested, by the Magistrate Judge and/or the Court. Until a determination as to privilege is made, however, the Court will not enjoin plaintiffs from using documents available to the public at large and/or seal the "privilege log" filed by B & W. To hold otherwise would represent a pyrrhic victory for defendants, especially in light of the fact that the documents are publicly available at UCSF and through Internet and are soon to be available on CD-ROM.
Accordingly,
IT IS ORDERED that the "Objection to Magistrate Judge's Report Entered on June 9, 1995" is DISMISSED.
IT IS FURTHER ORDERED that the ruling of the Magistrate Judge set forth in the June 9, 1995, Minute Entry is AFFIRMED.
NOTES
[1] At oral argument B & W argued that the document filed was not a "full privilege log" but a response to the Magistrate Judge's order. For the sake of convenience herein, the Court will refer to the document filed by B & W as a "privilege log."
[2] At oral argument, the parties clarified that the only documents at issue, i.e., in the possession of plaintiffs' counsel, are those documents on file at the University of California at San Francisco medical library and no others.
[3] This opinion provides that upon receipt of privileged materials counsel should refrain from using the materials and contact opposing counsel for instructions as to the handling of the materials or, at the least, refrain from using the materials until a court resolves any issues of privilege.
[4] This argument arises from the alleged, improper taking of these documents from a law firm representing B & W by one of its paralegals.